IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOFTENSITY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-3428-K |
| | § | |
| AMERITRUST FINANCIAL TECHNOLOGIES, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court are Defendant AmeriTrust Financial Technologies, Inc.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion") (Doc. No. 7), Plaintiff Softensity, Inc.'s Response (Doc. No. 11), and Defendant's Reply (Doc. No. 16). The Court has carefully considered the Motion, Response, Reply, applicable law, and relevant portions of the record. For the following reasons, the Court concludes that, while Plaintiff is not a third-party beneficiary, it may still be able to pursue its breach of contract claim against Defendant as an assignee. The Court also concludes that Plaintiff is barred from recovering attorney's fees. Therefore, the Court **GRANTS** the Motion **IN PART** and **DENIES** the Motion **IN PART**.

## I. Factual and Procedural Background

Plaintiff Softensity, Inc. ("Plaintiff") is an information technology company based in Marietta, Georgia. Petition (Doc. No. 1-2) ¶ 7 (all record citations herein are to the document assigned page or paragraph number). Plaintiff provides information technology staffing, software development, and consulting services to other companies. *Id.*

In 2010, Plaintiff entered into a service agreement with Hughes Hunter, Inc. to provide technical personnel and project management staff (the "Service Agreement"). *Id.* ¶ 7. Following its execution, the Service Agreement was assigned or contributed three times. The Service Agreement was first assigned in June 2011, when Hughes Hunter, Inc. assigned it to IntellaCar, LLC ("IntellaCar"). *Id.* ¶ 11. Next, in June 2020, IntellaCar assigned the Service Agreement to John Canales, a minority member of IntellaCar and former AmeriTrust employee. Doc. No. 11 at 6; Doc. No. 7 at 2. Finally, in December 2021, Mr. Canales contributed the Service Agreement to IntellaCar Solutions ("Solutions"). Doc. No. 11 at 6.

Plaintiff claims that, beginning after May 2022, IntellaCar stopped making its required payments under the Service Agreement. Doc. No. 1-2 ¶ 13. As a result, Plaintiff allegedly incurred a debt of roughly $302,948.77 (the "Softensity Debt"). *Id.*

Plaintiff claims it then made unsuccessful collection efforts to "the same people with which [Plaintiff] had always done business." *Id.* (citation modified)

Allegedly to avoid collection requirements, Mr. Canales entered into a settlement agreement and release of claims (the "Settlement Agreement") with Defendant AmeriTrust Financial Technologies, Inc. ("Defendant") in September 2022. *Id*. ¶¶ 4, 14. Under the terms of the Settlement Agreement, Defendant, a Canadian corporation and majority owner of Solutions, agreed to release Mr. Canales from all claims or damages relating to Mr. Canales's employment. *Id.*; Doc. No. 16 at 2. In exchange, Mr. Canales transferred his interest in Solutions to Defendant. Doc. No. 16 at 2.

Most recently, in 2025, Mr. Canales assigned to Plaintiff all claims he has or may have against Defendant arising out of the Settlement Agreement. Doc. No. 1-2 ¶ 18.

On November 13, 2025, Plaintiff filed its Petition in state court. *See generally id*. The Petition includes two counts for breach of contract. *See id*. ¶ 22–34. Both counts allege Defendant breached the Settlement Agreement by failing to pay the Softensity Debt. *See id.* The counts differ, however, in how they allege Plaintiff can enforce the debt. Count I alleges Plaintiff can enforce the Settlement Agreement as Mr. Canales's

assignee. *See id.* at 5. Count II alleges Plaintiff can enforce the Settlement Agreement as a third-party beneficiary. *See id.* at 5–6.

On December 12, 2025, Defendant removed the case to federal court based on diversity jurisdiction under 28 U.S.C. 1332(a). *See id.* On December 17, 2025, Defendant filed the present Motion pursuant to Rule 12(b)(6). *See* Doc. No. 7. Plaintiff responded on January 7, 2026. *See* Doc. No. 11. Defendant replied on January 21, 2026. *See* Doc. No. 16. The Court then granted Plaintiff an opportunity to amend its Petition on April 23, 2026. *See* Doc. No. 19. Plaintiff did not amend and Defendant re-urged the Motion on May 15, 2026. *See* Doc. No. 21. Therefore, the Motion is now ripe for determination.

## II. Legal Standard

In reviewing a 12(b)(6) motion to dismiss, the Court may consider only "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must presume all well-pleaded facts in the plaintiff's complaint to be true and resolve any ambiguities or doubts regarding the sufficiency of the claims in the plaintiff's favor. *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Kane Enters.*, 322 F.3d at 374. The alleged facts must be facially plausible such that the facts nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Although not the same as a "probability requirement," facial plausibility calls for "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Twombly*, 550 U.S. at 556 ("Factual allegations must be enough to raise a right to relief above the speculative level."). If a plaintiff pleads factual content that allows the Court to reasonably infer that the defendant is liable for the alleged misconduct, the claim has facial plausibility. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663 (citation modified); *see Twombly*, 550 U.S. at 555 (although the court must take as true all the factual allegations in the complaint, it is not "bound to accept as true a legal conclusion couched as a factual allegation"). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (citation modified).

The Court must generally determine a motion to dismiss for failure to state a claim based solely on the pleadings, including any attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The district court may also consider documents attached to the motion to dismiss when those documents "are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

Furthermore, when a federal court sits in diversity jurisdiction, it must apply the choice-of-law rules of the forum state. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003). Under the "party autonomy rule," Texas law generally gives effect to the parties' agreement to be governed by the law of a specific state. *See Realogy Holdings Corp. v. Jongebloed*, 957 F.3d 523, 532 (5th Cir. 2020) (citing *Exxon Mobil Corp. v. Drennen*, 452 S.W.3d 319, 324 (Tex. 2014)). Here, the Settlement Agreement stipulates that the "[t]he substantive law of Texas shall apply to the interpretation and enforcement of this Settlement Agreement." Doc. No. 1-2, Ex. 3 at 4. Therefore, the Court will apply Texas substantive law when evaluating the parties' claims under the Settlement Agreement.

## III. Application of the Law

### A. Count I: Assignee

The Court begins with Count I. Under Count I, Plaintiff asserts that Defendant failed to pay the Softensity Debt as required under the Settlement Agreement and Plaintiff can enforce this obligation as Mr. Canales's assignee. *See* Doc. No. 1-2 ¶¶ 22–28. The assignment is attached in Plaintiff's Petition as Exhibit 4. *See* Doc. No. 1-2, Ex. 4. Defendant moves to dismiss Count I on two grounds. First, Defendant contends Plaintiff was required to identify a specific provision in the Settlement Agreement that Defendant breached but failed to do so. *See* Doc. No. 7 at 4–5. Second, Defendant argues the Settlement Agreement does not obligate Defendant to pay the Softensity Debt. *See id.* at 6–8. Based on the following, the Court concludes that Count I survives the Motion.

First, the Court disagrees with Defendant that Plaintiff was required to identify a specific provision. While Texas law may require plaintiffs to identify a specific breached provision, "federal law is the key to the pleading standards." *Spinosa v. Foremost Ins. Co. Grand Rapids Michigan*, No. 24-30472, 2025 WL 304530, at *1 n.2 (5th Cir. Jan. 27, 2025) (per curiam) (citing *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021)). Under federal pleading standards, "while litigants should, when possible, identify specific contractual provisions alleged

to have been breached, Rule 8 does not require that level of granularity." *Sanchez*, 7 F.4th at 309 (citation modified). "So long as a pleading alleges facts upon which relief can be granted, it states a claim even if it fails to categorize correctly the legal theory giving rise to the claim." *Id.* (citations omitted).

Here, the Petition does not state which provision Defendant allegedly breached. However, Plaintiff later stated in its response that Defendant breached language included in the Recitals, which are incorporated into the Settlement Agreement. Doc. No. 11 at 6–7. Although Plaintiff was not required to identify such a provision, it has, and the Court can proceed accordingly. The Court also concludes that Plaintiff pled enough facts to put Defendant on notice that Plaintiff was alleging Defendant breached language in the Recitals, as evidenced by Defendant choosing to brief the issue in its Motion. *See* Doc. No. 7 at 2–3, 6–7 (covering whether the recitals created an obligation on Defendant).

Second, the Court declines to determine at this stage whether the Recitals enforce an obligation on Defendant to pay the Softensity Debt. The portion of the Settlement Agreement in question is the Outstanding Liabilities language in the Recitals, which reads,

> WHEREAS, certain vendors, claimants, and creditors have asserted that various amounts are outstanding and due to be paid to such parties by Intellacar (the "Outstanding Liabilities")'

> WHEREAS, Intellacar lacks sufficient funding to continue operations and the Parties wish to effectuate the transfer of all remaining interest in Intellacar to [AmeriTrust] in exchange for the consideration set forth herein, the transfer of all intellectual property of Intellacar to [AmeriTrust], and the settlement of the Outstanding Liabilities as may be negotiated and resolved by [AmeriTrust] in its sole discretion.

Doc. No. 1-2, Ex. 3 at 1 (the "Outstanding Liability Recitals"). Also relevant is the beginning of the Settlement Agreement's operative language, which states, "[t]he foregoing Recitals are incorporated herein by reference." *Id.* at 2. Taken together, Plaintiff argues the Outstanding Liability Recitals require Defendant resolve the Softensity Debt. Doc. No. 11 at 6–7. Conversely, Defendant insists the language is discretionary and does not include such a requirement. Doc. No. 7 at 6–8.

The Court declines to declare a winner here on the merits at this stage. Whether the Outstanding Liability Recitals are considered an operative part of the agreement is an issue of contract interpretation that will require the Court to engage in complex analysis. *See, e.g., Valiant Petroleum, Inc. v. FMC Techs., Inc.*, Nos. 13-11-00674-CV, 13-12-00020-CV, 2013 WL 3377628, at *6 (Tex. App.—Corpus Christi-Edinburg July 3, 2013) (concluding that recitals were incorporated into operative terms of contract); *Morello v. Seaway Crude Pipeline Co., LLC*, 585 S.W.3d 1, 16 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (concluding the same). Whether the language contained in the Outstanding Liability Recitals obligates Defendant to pay the Softensity Debt is also an issue of contract interpretation that will require complex analysis. The Court is

of the opinion that resolving these intricate issues of interpretation is better suited for adjudication on summary judgment than on a motion to dismiss. *See Al-Saud v. Youtoo Media, L.P.*, No. 3:15-CV-3074-C, 2016 WL 7680712, at *2 (N.D. Tex. Aug. 23, 2016) (Cummings, J.); *Gryphon Master Fund, L.P. v. Cheetah Oil & Gas, Ltd.*, No. 3:06-CV-0698-P, 2006 WL 8436987, at *3 (N.D. Tex. July 19, 2006) (Solis, J.); *see also Galderma Labs., L.P. v. Dimensional Healthcare, Inc.*, No. 4:06-CV-822-Y, 2007 WL 1703445, at *3 (N.D. Tex. June 13, 2007) (Means, J.). At the motion-to-dismiss stage, the Court is concerned with only one question: whether, when viewed in the light most favorable to Plaintiff, Plaintiff has stated claims for relief that are plausible on their face. *See Al-Saud*, at *3 (citing *Iqbal*, 556 U.S. at 678). The pleadings here, when viewed in the light most favorable to Plaintiff, have plausibly alleged claims for breach of contract. The Motion is therefore **denied** as it relates to Count I.

**B. Count II: Third-Party Beneficiary**

The Court next addresses Count II. Under Count II, Plaintiff asserts it can enforce the Settlement Agreement as a third-party beneficiary. Doc. No. 1-2 ¶¶ 29–34. Defendant advances the same arguments as it does for Count I, but also urges that Texas has a presumption against third-party beneficiaries and Plaintiff cannot overcome the presumption. Doc. No. 7 at 8–10. Plaintiff responds that (1) the Settlement Agreement's language incorporates Plaintiff as a vendor, claimant, or

creditor, Doc. No. 1-2 ¶ 31, and (2) Plaintiff is a creditor beneficiary, Doc. No. 11 at 12–13. Based on the following, the Court concludes that Count II should be dismissed with prejudice.

The Court has already resolved Defendant's arguments that (1) Softensity was required (but failed) to identify a breached provision, and (2) the Settlement Agreement does not require Defendant to pay the Softensity Debt. *See infra* pp. 7–10. Having concluded that those challenges are ineffective at this stage, *see id.*, we need not cover them again. Instead, the Court's focus turns to whether Plaintiff has standing to bring Count II as a third-party beneficiary.

Whether a plaintiff has standing "is the threshold question in every federal case." *Wilson v. Centene Mgmt. Co., LLC*, 158 F.4th 217, 224 (5th Cir. 2026) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). A plaintiff establishes standing to maintain a breach-of-contract action by demonstrating that it has an enforceable interest as to the contract, as an assignee of a party, or as a third-party beneficiary. *Republic Petroleum LLC v. Dynamic Offshore Res. NS LLC*, 474 S.W.3d 424, 430 (Tex. App. Houston—[1st Dist.] 2015, pet. denied); *see OAIC Comm'l Assets, L.L.C. v. Stonegate Village L.P.*, 234 S.W.3d 726, 738 (Tex. App.—Dallas 2007, pet. denied).

There is a strong presumption in Texas against finding that a third party is a beneficiary to a contract. *Corpus Christi Bank & Tr. v. Smith*, 525 S.W.2d 501, 503–04

(Tex. 1975). This presumption may be overcome only if the intent to make a party a third-party beneficiary is "clearly written or evidenced in the contract." *Martin v. Orbital Energy Grp., Inc.*, No. 3:22-CV-1968-B, 2023 WL 2169909, at *2 (N.D. Tex. Feb. 22, 2023) (Boyle, J.) (citing *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1076 (5th Cir. 2002). To determine intent, courts must look solely to the contract's language, construed as a whole. *Harris v. Salmon Sims Thomas, PLLC*, No. 3:23-CV-898-E-BN, 2023 WL 5022293, at *4 (N.D. Tex. July 20, 2023) (Horan, M.J.) (citing *First Bank v. Brumitt*, 519 S.W.3d 95, 102–03 (Tex. 2017)), *report and recommendation adopted*, 2023 WL 5021791 (N.D. Tex. Aug. 7, 2023) (Brown, J.).

Furthermore, the contracting parties must "have entered into the contract directly for the third party's benefit." *Martin*, 2023 WL 216909, at *2 (citing *Brumitt*, 519 S.W.3d at 102). The fact that a party benefits from or has a substantial interest in a contract is insufficient to make it a third-party beneficiary. *Id.* (citing *Fleetwood Enters.*, 280 F.3d at 1075). "Nor does it matter that the third party intended or expected to benefit from the contract, for only the intention of the contracting parties in this respect is of controlling importance." *Id.* (citing *Brumitt*, 519 S.W.3d at 103) (citation modified). "The contract must clearly and fully spell out third-party beneficiary status. Third-party beneficiary status cannot be created by implication." *Id.* (citing *Zinante v. Drive Elec., L.L.C.*, 582 F. App'x 368, 371 (5th Cir. 2014)).

Here, the Settlement Agreement makes no mention of Plaintiff. Instead, Plaintiff argues it is a third-party beneficiary since the Outstanding Liability Recitals mention that "certain vendors, claimants, and creditors have asserted that various amounts are outstanding and due to be paid to such parties by [Solutions]." Doc. No. 1-2 ¶ 31.

The Court finds that the mere reference to vendors, claimants, and creditors is insufficient to overcome Texas's presumption against third-party beneficiaries, even at the Rule 12(b)(6) stage. *See, e.g.*, *Brumitt*, 519 S.W.3d at 103 (noting that a contract did not create third-party beneficiaries when it failed to identify any specific, limited group of individuals); *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 773–74 (Tex. App.—Corpus Christi Edinburg 2003, no pet.) ("[T]he contracting parties must intend to secure a benefit for the specific third party bringing the action; it is not enough that the contract is designed to benefit a broad class of people, of whom the third-party might be a member."). Without more from Plaintiff, the Court cannot justify departing from the presumption that Plaintiff is not a third-party beneficiary. Simply put, Plaintiff has not alleged facts that would allow the Court to draw the reasonable inference that Plaintiff is a third-party beneficiary. *See Schrader-Scalf v. CitiMortgage, Inc.*, No. 3:12-CV-4446-D, 2013 WL 625745, at *5 (N.D. Tex. Feb. 20, 2013) (Fitzwater, C.J.) (concluding plaintiff lacked standing because she failed to allege facts

that would allow the court to draw a reasonable inference that she was privy to the agreement or a third-party beneficiary).

In the alternative, Plaintiff argues it may pursue Count II on the theory that it is a "creditor beneficiary." Doc. No. 11 at 12–13. However, a creditor beneficiary is simply a type of third-party beneficiary subject to the same presumption. *See Rivera v. South Green Ltd. P'ship*, 208 S.W.3d 12 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("To qualify as a third-party beneficiary, the party must show that she is either a donee or creditor beneficiary of the contract."). As such, Plaintiff's assertion here does not change the Court's analysis.

Finally, Plaintiff urges the Court that further discovery will demonstrate that the parties meant for the Softensity Debt to be covered under the Settlement Agreement. Doc. No. 11 at 13–14. However, "when a written contract is unambiguous and does not clearly express the parties' intent to create a third-party beneficiary, extrinsic evidence is simply irrelevant and inadmissible on that issue. In such a case, the trial court can neither submit the issue to a jury nor rely on extrinsic evidence to add terms to the parties' unambiguous agreement." *Brumitt*, 519 S.W.3d at 106 (citation modified). Here, although Plaintiff insists the parties intended for the term "Outstanding Liabilities" to include the Softensity Debt, Plaintiff does not challenge whether the term itself is ambiguous. Nor does Defendant. Accordingly, allowing

Plaintiff additional discovery here would not serve to push this issue beyond the Rule 12(b)(6) hurdle.

For these reasons, the Court concludes that Plaintiff is not a third-party beneficiary. The Court reaches this conclusion even though it is at the Rule 12(b)(6) motion to dismiss stage. Although the Court is required to treat Plaintiff's well-pleaded facts as true and give deference to Plaintiff, the undersigned may still dismiss a complaint where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004); *see also S&W Enters., L.L.C. v. Southtrust Bank of Ala., N.A.*, No. 3:98-CV-2668-L, 2001 WL 238095, at *6 (N.D. Tex. 2001) (Lindsay, J.) (dismissing breach of contract claim alleging third-party beneficiary status at 12(b)(6) stage). That is the case here. Even after an opportunity to amend, Plaintiff has simply proffered no set of facts that would allow the Court to draw a reasonable inference that it is a third-party beneficiary under Texas law. And unlike with Count I, the Court need not engage in detailed contract interpretation to determine whether Plaintiff is a third-party beneficiary as a matter of law.

Because the Court finds that Plaintiff is not a third-party beneficiary, the Court also finds that Plaintiff lacks standing to bring Count II. The Court will therefore **dismiss** Count II **with prejudice** on these grounds and need not address AmeriTrust's

remaining arguments on this point. It is appropriate for the Court to dismiss Count II with prejudice since Plaintiff filed a lengthy response to the Motion but declined to amend its Petition after being given the opportunity to do so. *See Martinez v. McLane*, 792 F. App'x 282, 287 (5th Cir. 2019) (citing *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016)).

**C. Plaintiff's request for attorney's fees is dismissed with prejudice.**

The Court will now address the Motion's final point. In its Petition, Plaintiff requested the Court award it "reasonable attorney's fees under the terms of the Agreement and Texas Civil Practice and Remedies Code Section 38.001(b)(8)." Defendant counters in the Motion that Plaintiff's claims for attorney's fees should be dismissed since Section 12 of the Settlement Agreement states that "[e]ach Party shall bear its own expenses, costs, and attorney's fees." Doc. No. 1-2 ¶ 12. Plaintiff does not address this point in its reply.

By statute, Texas provides for attorney's fee awards in cases where a party brings a successful claim for breach of contract. TEX. CIV. PRAC. & REM. CODE § 38.001(8). However, "where the parties have addressed the attorney's fee issue in their contracts, the statute does not control, as the parties are free to contract for a fee-recovery standard either looser or stricter than the fee-recovery standards provided by statute, and courts are bound by the parties' choice." *Versata Software, Inc. v. Internet Brands,*

*Inc.*, 902 F. Supp. 2d 841, 863 (E.D. Tex. 2012) (citing *Mohican Oil & Gas, LLC v. Scorpion Exploration & Prod., Inc.*, 337 S.W.3d 310, 321 (Tex. App.—Corpus Christi-Edinburg 2011, pet. denied)). Here, the Settlement Agreement clearly bars recovery of attorney's fees. Plaintiff does not contest this. Therefore, it appears beyond doubt that Plaintiff can prove no set of facts in support of its claim that would entitle it to an attorney's fees award. *See Kennedy*, 369 F.3d at 839. Plaintiff's prayer for attorney's fees is thus **dismissed with prejudice**.

## IV. Conclusion

The Motion is granted in part and denied in part. The Court **denies** the Motion as to Count I of the Petition because the Court concludes complex issues of contract interpretation are better resolved at a later stage. The Court **grants** the Motion as to Count II of the Petition because the Court cannot justify departing from the presumption against third-party beneficiaries. The Court also **grants** the Motion as to the Petition's prayer for attorney's fees because of the Settlement Agreement's plain language. Count II and the prayer for attorney's fees are **dismissed with prejudice**.

**SO ORDERED.**

Signed August 19th, 2026.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE